# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| Dale Butts, as Register of Deeds of Beaufort County, South Carolina; John Hopkins, as Register of Deeds of Richland County, South Carolina et al,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, a/k/a FANNIE MAE, et al,<br><br>　　　　Defendants. | Civil Action No. 9:12-1912-RMG<br><br>　<br><br>ORDER |

RECEIVED
USDC. CLERK, CHARLESTON, SC
2013 MAR 11  A 10: 27

　　　This matter is before the Court on the Plaintiffs' Motion for Class Certification. The Court by previous order consolidated this action with a related pending action, *Hopkins v. Federal National Mortgage Association*, C.A. No. 3:12-2165-RMG, and the consolidated case now carries the Civil Action No. 9:12-1912-RMG. (Dkt. No. 41). Prior to the consolidation of these actions, Plaintiffs moved for class certification.[1] (Dkt. No. 22; *Hopkins* Dkt. No. 33). The *Hopkins* Defendants, prior to consolidation, consented to class certification. (*Hopkins* Dkt. No. 38). The Court is now informed that the Defendants in the consolidated action consent to Plaintiffs' motion for class certification.

　　　Since Defendants did not oppose, but consent to, Plaintiffs' Motion for Class Certification, and for good cause shown, the Court grants the motion for class certification. Accordingly, and for good cause shown, IT IS HEREBY ORDERED as follows:

　　　1.　　The Court has jurisdiction over the subject matter of these consolidated lawsuits, over all parties to these actions, and over all Class members.

---

[1] Unless indicated otherwise, all docket reference numbers are to C.A. 9:12-1912. Any citation to the *Hopkins* docket will be referenced as "*Hopkins* Dkt. No. ___."

1

2.     A class is hereby CERTIFIED pursuant to Federal Rule of Civil Procedure 23(b)(1), (b)(2), and (b)(3), and defined as follows:

*"The Registers of Deeds, Registers of Mesne Conveyance, Registrars of Mesne Conveyance and Treasurers of all South Carolina counties"*

3.     The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and (b)(1), (b)(2), and (b)(3) have been satisfied in that (a) the number of Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the members of the Class; (c) the claims of the named Plaintiffs are typical of the other members of the Class; (d) the named Plaintiffs will fairly and adequately represent the interests of the Class; (e) the prosecution of separate actions by or against individual members of the Class would create a risk of (1) inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendants, or (2) adjudications with respect to individual members of the Class that would, as a practical matter, be dispositive of the interests of the other members or would otherwise substantially impair or impede other Class members' ability to protect their interests; (f) there are numerous common questions of law and fact involving the Class members, which common questions predominate over any individualized issues; and (g) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     The Court appoints the following as class representatives: JOHN HOPKINS, as Register of Deeds of Richland County; GAIL LANEY, as Register of Deeds of Orangeburg County; JAMES B. HIERS, as Register of Deeds and Clerk of Court of Bamberg County; RHONDA MCELVEEN as Register of Mesne Conveyances and Clerk of Court of Barnwell County; CHARLIE LYBRAND, as Register of Mesne Conveyances of Charleston County; TIMOTHY NANNEY, as Register of Deeds of Greenville County; BALLERY SKIPPER, as Register of Deeds of Horry County; DAVID ADAMS, as Treasurer of Richland County; and DALE L. BUTTS, as Register of Deeds of Beaufort County. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the law firms of Strom Law Firm,

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, Reich and Binstock, LLP, Law Office of John C. Davis, and The Pittman Firm as Co-Class Counsel. The Court finds that these Class Counsel will fairly and adequately represent the interests of the Class. In so finding, the Court has considered (1) the work Class Counsel have done in identifying and investigating potential claims in this action; (2) Class Counsel's collective experience in handling class actions and other complex litigation, and aggregate claims like those asserted in the action; (3) Class Counsel's knowledge of the applicable law; and (4) the resources Class Counsel will commit and have already committed to representing the Class.

5. Notice of this Order shall be provided to all members of the Class under a Plan of Notice.

6. Within 10 days after the date this Order is entered, Class Counsel shall file with the Court a proposed Plan of Notice with an attached form of Class Notice, for the Court to review and consider approval thereof. Class Counsel will consult with counsel for the Defendants to present a consent Plan of Notice and consent Class Notice.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 11, 2013

3